OPINION
Appellant Henry Paskins appeals a judgment of the Fairfield County Juvenile Court finding him delinquent by reason of two counts of Menacing (R.C. 2903.22), one count Criminal Damaging (R.C. 2909.06), two counts of Disorderly Conduct (R.C. 2917.11), and one count Obstructing Official Business (R.C. 2921.31):
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT IMPROPERLY ORDERED THE JUVENILE INTO DETENTION AS A DISPOSITIONAL ALTERNATIVE. THERE WERE NO FINDINGS JUSTIFYING DETENTION UNDER OHIO REVISED CODE SECTION 2151.31 OR RULE 7 OF THE OHIO RULES OF JUVENILE PROCEDURE.
 II. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW ON CASE NUMBER 400-DL-97. THE TRIAL COURT'S FINDING OF GUILTY ON CASE NUMBER 400-DL-97 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW ON CASE NUMBER 419-DL-97. THE TRIAL COURT'S FINDING OF GUILTY ON CASE NUMBER 419-DL-97 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE TRIAL COURT FAILED TO RULE UPON THE MINOR'S PRETRIAL MOTION TO COMPEL DISCOVERY WHICH AFFECTED A SUBSTANTIAL RIGHT OF THE JUVENILE.
Steve "Skip" Gamble was driving a friend, Chad Kerns, who was wearing a wire in an attempt to assist the Lancaster Police Department. Skip had received a stereo from appellant's brother, Mike Paskins, and was afraid it was stolen. After Chad was wired at the police department, they drove to appellant's house, where they picked up appellant, his brother, and another individual.
After a few minutes, Skip did not want appellant and the others in his vehicle, as appellant's brother and the other person were making threats. Skip repeatedly asked them to leave the vehicle, and appellant and the others refused to leave. Skip felt that his personal safety was threatened, and so he drove to Chad's parent's house. Chad's father came out, and asked appellant and his companions to get out of the car.
When Chad's father asked them to leave, appellant and his friends began swearing and throwing things out of the car. Someone used a key to scratch the side of the car.
The police arrived at the scene, and asked appellant several times to exit the vehicle. Appellant refused. He was screaming, swearing, and had to be pulled out of the car by the officers. When they were finally able to get appellant out of the car, he was fighting, kicking, and screaming.
On another day shortly after this incident, Skip was attempting to drive away from appellant and his brothers, when appellant began kicking the car. He was yelling, although Skip could not hear what he was saying. Appellant and his brothers tried to get in Gamble's car, but Gamble was able to prevent them by stepping on the gas pedal. Appellant kicked the left side passenger door, and the fenders. The vehicle was damaged to the extent that it required repair.
In Case No. 400-DL-97, appellant was charged with two counts of Menacing, one count of Criminal Damaging, and one count of Disorderly Conduct. In Case No. 419-DL-97, appellant was charged with one count of Disorderly Conduct and one count of Obstructing Official Business. Following trial in the Fairfield County Juvenile Court, appellant was found delinquent on all charges.
 I.
Appellant first argues that the court erred in ordering him into detention for seven days following the finding of delinquency, but before final disposition. This Assignment of Error is moot. Appellant has already served the seven days detention as ordered by the trial court, and final disposition has been entered in the case.
The first Assignment of Error is overruled.
 II.
Appellant argues that the evidence was insufficient in Case No. 400-DL-97, and was against the manifest weight of the evidence.
Sufficiency of the evidence and weight of the evidence are not synonymous legal concepts. State vs. Thompkins (1997),78 Ohio St.3d 380, 386. Sufficiency is a test of adequacy, and whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. Upon a finding that the evidence was legally insufficient to support a conviction, retrial is barred.Id. at 387.
Weight of the evidence concerns the greater amount of credible evidence to support one side of the issue rather than the other. Id. The court, reviewing the record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. Id. The double jeopardy clause does not preclude retrial of a defendant if the reversal is grounded upon a finding that a conviction is against the weight of the evidence. Id.
Appellant was charged with two counts of Menacing: one occurring on April 29, 1997, and one occurring on April 30, 1997. The alleged victim in both cases was Skip Gamble. R.C. 2903.22
provides that no person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person. As for the incident occurring on April 29, Gamble testified that he was afraid for his personal safety, as his passengers were making threats in the backseat of his car. However, when asked to further clarify who was threatening him, Gamble's specifically testified that appellant did not make any threats in the car. Gamble did not testify as to any action by appellant that caused him to be fearful that appellant would cause physical harm to him or to his property. The evidence was insufficient to support this charge of Menacing.
As for the charge of Menacing for the incident occurring on April 30, Gamble testified that appellant, his brother, and another person attempted to get into the car. He prevented this by rolling up his windows and stepping on the gas. He testified that appellant began kicking the car. He testified that appellant appeared to be angry about something, but he could not hear what he was saying. Gamble testified that he did not stick around long enough for find out what appellant was angry about, and he was not sure if they were angry with him or with Chad. This evidence is legally sufficient to demonstrate that appellant knowingly caused Gamble to believe that he would cause harm to Gamble or to his property on April 30.
R.C. 2909.06 provides that no person shall knowingly cause or create a substantial risk of physical harm to the property of another without consent. There was evidence that on April 30, appellant kicked the left side of Gamble's car, and the fender, requiring repairs in excess of the $250 insurance deductible. This was clearly sufficient evidence to support the finding of delinquency by reason of Criminal Damaging, and the judgment is not against the manifest weight of the evidence.
In Case No. 400-DL-97, appellant was charged with Disorderly Conduct for the incident occurring on April 30. There is sufficient evidence to support the finding that appellant recklessly caused inconvenience, annoyance, or alarm to Gamble. There is evidence that appellant was kicking the car, attempting to get into the car without Gamble's permission, and yelling. The finding of delinquency by reason of Disorderly Conduct is not against the manifest weight of the evidence.
Finally, appellant argues as to all the charges involving Gamble, that Gamble's testimony is not credible. He points to Gamble's extensive criminal record in support of this claim. As noted by the trial court, Gamble "may be a liar," but the court believed that in the instant case, Gamble's testimony made more sense than appellant's testimony. Tr. 157-158. The Judge was in a better position to judge the credibility of witnesses than this court.
The second Assignment of Error is sustained as to one of the findings of delinquency by reason of Menacing. The Assignment of Error is overruled as to the remaining charges.
 III.
Appellant argues that the evidence was insufficient on Case No. 419-DL-97, and the finding of delinquency on that case was against the weight of the evidence.
The complaint first alleged that appellant was delinquent by reason of Disorderly Conduct for the incident occurring on April 29. This finding is supported by ample evidence. Both Gamble and the police officers testified that appellant refused to leave the vehicle. When asked to leave, he began swearing, kicking, fighting, and told the officers to "fuck off." He had to be forcibly removed from the vehicle.
The evidence was also sufficient to find that he was delinquent by reason of Obstructing of Official Business. R.C.2921.31(A) provides that no person, without privilege to do so, and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties. Detective Russell was at the scene attempting to investigate a disturbance reported by Gamble and Chad Kerns' father. Despite numerous attempts by the officers to remove appellant from the vehicle, he refused to do so. Appellant clearly was present in the vehicle without permission. However, when the officers attempted to remove him from the vehicle, he began swearing, fighting, and kicking.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the trial court failed to rule on his motion to compel discovery. On July 29, appellant filed a motion to compel discovery and a request for sanctions. The court scheduled the matter for oral hearing on August 28, 1997. There is nothing in the record to establish what occurred at that hearing. Appellant never raised the issue again. Appellant made no claim at trial that he was unable to effectively cross-examine witnesses by the State's failure to provide the requested discovery, which included the prior record of all witnesses. In fact, appellant extensively cross-examined Gamble concerning his prior record.
The record does not demonstrate that appellant was prejudiced in any way by a failure of the State to provide discovery. Further, the record does not demonstrate that the result of the hearing on the motion to compel was prejudicial to appellant.
The fourth Assignment of Error is overruled.
The judgment of the Fairfield County Juvenile Court is vacated as to the findings of delinquency on one count of Menacing. The judgment is affirmed in all other respects. This case is remanded to the Fairfield County Juvenile Court with instructions to reconsider disposition in light of our order vacating the findings of delinquency on the one count of Menacing.
By: Reader, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the The judgment of the Fairfield County Juvenile Court is vacated as to the findings of delinquency on one count of Menacing. The judgment is affirmed in all other respects. This case is remanded to the Fairfield County Juvenile Court with instructions to reconsider disposition in light of our order vacating the findings of delinquency on the one count of Menacing. Costs to appellant.